IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE SHERWIN-WILLIAMS COMPANY,**

    **Plaintiff,**

    vs.                                            **CASE NO. C2-06-829**
                                                                **JUDGE EDMUND A. SARGUS, JR.**
**CITY OF COLUMBUS, OHIO, et al.,**         **MAGISTRATE JUDGE TERENCE P. KEMP**

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Renewed Motion for Declaratory Relief and a Preliminary Injunction filed by the Plaintiff, Sherwin Williams Company. For the reasons that follow, the motion is denied, subject to conditions set forth hereafter.

### I.

On June 19, 2007, this Court considered the original motion of the Plaintiff for injunctive relief. The Court concluded, as to the contingency fee agreements entered into by the cities of Columbus and Cincinnati, that the relief sought by the Plaintiff was without merit. In the same proceeding, the undersigned directed the cities of Lancaster, Toledo and East Cleveland, Ohio to amend their fee agreements within a fourteen days. In the event such amendments did not occur, the Court specifically noted that it would issue a preliminary injunction in favor of the Plaintiff, based upon a finding that the contingency fee agreements between private counsel and the three cities were unconstitutional insofar as the agreements reposed an impermissible degree of public authority upon retained counsel, who have a financial

incentive not necessarily consistent with the interests of the public body.[1]

The Court concluded that the agreement signed by the cities of Lancaster and Cincinnati did not expressly provide that the cities retained ultimate settlement authority and the authority to settle a case for nonmonetary relief from which a contingency fee could not be payable. Thereafter, city officials from Lancaster, East Cleveland, and Toledo signed new contracts regarding the services to be provided by Defendants.[2] Because each of the revisions are unique, the Court addresses the contracts, *seriatim*.

### A. CITY OF LANCASTER

After the hearing on Plaintiff's original motion, the Defendant, City of Lancaster, filed with the Court a copy of Permanent Resolution No. 86-07 passed by the Council of the City of Lancaster on June 25, 2007. This legislation authorized the Law Director to amend the contract for legal services made between the City of Lancaster and the Defendants. Consequently, the Court finds that the issues raised by the Plaintiff as to whether appropriate legislation was passed by the City Council in order to modify the contingency fee agreement is without merit.

On June 26, 2007, the Director of Law of the City of Lancaster executed an amended contract for professional services made between the City and the Defendants. The following language was added to the agreement:

---

[1] Although the Court indicated on June 19, 2007 that it would issue a written opinion based upon the ruling made in open court, the undersigned finds no jurisprudential value in supplementing the oral comments and conclusions from the bench, memorialized by a summary order on the same day.

[2] With regard to the cities of Toledo and Lancaster, the revised documents were signed by both Law Director of each city. With regard to the city of East Cleveland, the document was signed by the Mayor of the city.

> The LLG's services will be coordinated with the City Attorney, who shall retain control over the litigation, with the LLG working under the direction and discretion of the City.
>
> The LLG hereby agrees that the City Attorney retains the sole authority to authorize any settlement of any claim or complaint made or defended on behalf of the City of Athens.

Sec. 1, June 26, 2007 Agreement.

The Plaintiff contends that this language does not satisfy the requirements established by the Court on June 19, 2007.  The Plaintiff correctly notes that the second paragraph erroneously references the City of Athens, rather than Lancaster.  It is obvious, however, that the parties intended this paragraph to bind private counsel and the City of Lancaster.  The City of Athens is not a party to the agreement.  While this Court reviews the contract only with regard to constitutional issues, it is obvious under Ohio contract law that both paragraphs bind the parties to the terms, even though the wrong city is named.  This Court concludes that the two paragraphs properly vest in the City Attorney control over the litigation and the sole authority to authorize any settlement of any claim or complaint.

The Plaintiff also contends that the last paragraph of the agreement demonstrates that the City of Lancaster will not have actual control of the litigation.  The language in question reads as follows:

> L.	The LLG agrees to indemnify and hold harmless the City of Lancaster from any and all liability, damages, expenses and attorneys fees that may arise or result from the services performed by the LLG in pursuit of claims against the lead pigment defendants.  This obligation to indemnify and hold harmless includes but is not limited to Rule 11 sanctions for frivolous conduct ordered by any court of law.

The Court did not have occasion to consider this language during the hearing of June 19, 2007.

This language was included in the amendment made on June 26, 2007.

The Court cannot conclude from a reading of this paragraph that the indemnification provisions prevent effective control of litigation by the City of Lancaster. While the City is to be indemnified by private counsel regarding any damages, expenses or Rule 11 sanctions, these provisions, standing alone, do not reduce the control over the litigation given to the City Attorney.

The Plaintiff also contends that the Lancaster agreement does not specifically permit dismissal of any lawsuit filed with regard to the agreement. The Plaintiff contends that this authority is of great importance, particularly if the facts developed in pending or future litigation reveal that remedial measures may result in more risk to public health than foregoing such efforts. In addition, a newly elected city council may take a different view and direct the City Attorney to terminate litigation. This Court notes that the contract specifically vests in the City Attorney the authority to direct litigation and authorize any settlement of claims. In the Court's view, this authority extends to the dismissal of claims, should the City Attorney and the municipal corporation deem such course advisable.

For these reasons, the Court finds that the agreement entered into by the City of Lancaster and private counsel on June 26, 2007 complies with the prior Order of June 19, 2007.

    **B.    CITY OF EAST CLEVELAND**

The agreement between private counsel and the City of East Cleveland dated July 2, 2007 includes language identical to that contained in the agreement with the City of Lancaster regarding control of litigation. The parties acknowledge and agree that the City's Law Director shall retain control over the litigation and that the Law Director retains the sole authority to

4

authorize any settlement of any claim or complaint.  The agreement also contains language identical to paragraph L contained in the agreement between private counsel and the City of Lancaster.  Similar to the agreement with the City of Lancaster, the East Cleveland agreement erroneously refers to the City of Youngstown in the second full paragraph of the agreement.  As with the City of Lancaster, an erroneous reference to another city not party to the agreement does not render the agreement unconstitutional.

The Plaintiff also contends that the June 2, 2007 agreement with the City of East Cleveland does not appear to have been approved by East Cleveland City Council.  The record before this Court is insufficiently developed for this Court to reach such a conclusion.  Further, in this case, the Court does not have the jurisdiction to determine the city's compliance with Ohio municipal law, unless noncompliance affects a constitutional right of the Plaintiff.  The record contains a copy of the July 2, 2007 agreement executed by the City of East Cleveland by Mayor Eric Brewer.  Paragraph II(D) states that modifications in the agreement must be in writing, executed by both parties, and "such modification has been authorized by ordinance, if required."  On its face, the agreement does not require authorization by ordinance, unless required.  This Court cannot conclude from the record before it whether an ordinance was required under state law.

The Court finds that the modified fee agreement between private counsel and the City of East Cleveland complies with this Court's directive of June 19, 2007.

    **C.**    **CITY OF TOLEDO**

On June 25, 2007, private counsel and the Law Director of the City of Toledo signed a Revised Contract for Professional Services.  Paragraph 1(a) states in part, "The City

Attorney shall retain control over the litigation, with the LLG working under the direction and discretion of the City." Paragraph 1(c) further states, "The LLG hereby agrees that the City Attorney retains the sole authority to authorize any settlement of any claim or complaint made or defended on behalf of the City of Toledo." This language, standing alone, would otherwise bring the revised agreement in partial compliance with the parameters set forth by the Court on June 19, 2007. The agreement, however, also contains the following language in paragraph 3(a):

> It is further agreed that neither the LLG nor the City may, without the consent of the other, settle, compromise, release, discontinue or otherwise dispose of the Claim or suit mentioned above.

On June 19, 2007, this Court made abundantly clear that an agreement between a municipality and private counsel in a public nuisance action which purports to vest in private counsel authority to prevent a settlement or dismissal of a suit is unconstitutional. Further, the revised contract does not include provisions that the City may settle a case for nonmonetary relief.

It is difficult for this Court to read paragraph 3(a) and conclude that the City of Toledo intended to comply with this Court's order. The language in the paragraph is unambiguous, as is the language from this Court on June 19, 2007, prohibiting precisely the same language.

In the Defendant's Memorandum in Opposition to Plaintiff's Renewed Motion, the City of Toledo has represented that it is prepared to revise the contract for legal services by removing paragraph 3(a). While this Court takes a dim view of a party's failure to comply with a specific directive issued by this Court, it does note that, after the Plaintiff filed its renewed motion, city officials have indicated that the offending provisions of the contract will be removed forthwith.

Because the City has represented that it intends to change the agreement, and did act following the Court's earlier decision to modify some terms of the prior agreement, this Court will extend by **seven days**, to July 26, 2007, the time in which the City of Toledo must either bring the agreement within constitutional boundaries, or an injunction will issue forthwith, together with an order of attorney's fees payable by the City of Toledo to counsel for Sherwin Williams. Specifically, paragraph 3(a) renders the agreement unconstitutional. Further, to meet constitutional muster, the agreement must provide that the City may settle the case for nonmonetary damages without the permission of private counsel.

**IT IS SO ORDERED**.


July 18, 2007             /s/Edmund A. Sargus, Jr.
**DATE**                  **EDMUND A. SARGUS, JR.**
                          **UNITED STATES DISTRICT JUDGE**